———o———

5117.

(Court of Appeal, Parish of Orleans).

## BIAGGIO CARUSO vs. GUISSEPPE GIACOMINO.

1. One cannot be compelled to accept a title to real estate, which appears suggestive of litigation.
2. The attempt to remove an apparent cloud upon a title, even though successful, comes too late after a suit for the return of the deposit.

Appeal from the Civil District Court, Division "B."

Patorno and Smart, for plaintiff and appellant.

Richard & Vidrine, for defendant and appellee.

ST. PAUL, J.—On January 18, 1909, plaintiff agreed to purchase certain real estate from defendant and deposited with him $400 "to bind the sale." The sale was conditioned on the title being accepted by plaintiff's attorney.

On February 5th, the attorney notified defendant that the title would not be accepted because the same was in the State of Louisiana, and not in defendant.

To make a long story short, the certificate of research furnished by the State Tax Collector as required by law, bore the inscription that the property was "**sold to the State**" for certain back taxes.

Defendant urged that this inscription was unauthorized, all of said taxes having been cancelled by judgment

— 73 —

of the City Court, and no sale appearing on the certificate from the Conveyance Office.

He, therefore, insisted that the sale should proceed (February 9th); whereupon this suit was filed praying for a return of the deposit (February 19th).

To this demand defendant filed exceptions; and then filed suit to have said certificate cleared. On March 22nd, he obtained judgment cancelling the inscription "sold to State;" and on March 25th, he notified plaintiff that he was ready to pass the title and require him to be present before the notary to accept the same and pay the price.

On April 2nd, defendants exceptions herein filed were overruled, and on April 10th he filed his answer, denying that he had ever been put in default by plaintiff, alleging his readiness at all times to execute a title, and setting up the putting of plaintiff in default on March 25th, and he prayed that the suit be dismissed, the deposit forfeited and the agreement of sale cancelled.

There was no need for plaintiff to put defendant formally in default. Defendant was insisting that plaintiff should take the title as it then stood. A putting in default would have been a vain and useless proceeding; defendant was not disposed at the time to tender plaintiff a title clear of the alleged obnoxious inscription, and even if so disposed, was in no position to do so.

And even granting that the vendor might have been entitled to a reasonable time in which to clear off an apparent cloud upon his title, nevertheless that could have no bearing on the controversy.

Defendant was not asking for time to clear the cloud upon his title; on the contrary he was insisting that the inscription "sold to the State" on the tax certificate did not constitute such a cloud upon the title as entitled plaintiff to decline to accept the property and pay the price. And it was only after plaintiff filed this suit that

defendant took any steps in the direction of clearing up said certificate.

· Hence, there was nothng else for plantiff to do but to file this suit and submit the question to the court; and accordingly the soundness of plaintiff's objections must be judged by conditions as they existed at the time the suit was filed.

An inscription **"Sold to the State"** on a tax research of course conveys no property to the State, nor yet will such inscription supply the place of registry in the Conveyance Office, nevertheless, these researches are required by law and when annexed to a deed form part of the recitals thereof.

But a recital in one's own deed that the property claimed under it has been **"Sold to the State"** is such a recital as would warn away any purchaser, and render the title unmerchantable, no matter how unfounded, in fact such declaration might be. To say the least, it would be suggestive of litigation; possible litigation with the State, or its assigns over the title to the property, and litigation almost certain with any subsequent would be purchaser to compel acceptance of title.

No one ought to be compelled to accept such a deed, and it was clearly incumbent in defendant to cause this inscription to be cleared. or at least offer to do so, before tendering a deed to plaintiff, or endeavoring to force him to accept the property and pay the price.

Defendant did neither. He took no steps to clear the inscription, nor made any offer to plaintiff to take such steps, but he continued to insist, until after the filing of this suit, that plaintiff should take the title as it stood.

The circumstances under which this inscription came to appear against the property on the books of the Tax Collector, nowhere appear in the record; but accepting counsel's explanation as given from the bar, we think that defendant was unfortunate, but neither the present

Tax Collector nor plaintiff was answerable for those conditions.

But the conditions actually appearing were sufficient to justify plaintiff in declining the title unless they were cleared up.

We think that there is error in the judgment of the **court a qua** and accordingly:

It is ordred, adjudged and decreed, that the judgment appealed from be annulled, avoided and reversed, and it is now ordered that plaintiff, Biaggio Caruso, have and receive judgment against defendant, Guisseppe Giacomino, for the full sum of four hundred dollars with legal interest from judicial demand until paid and the costs of both courts.

December 5, 1910.

—o—

5115.

(Court of Appeal, Parish of Orleans).